1
2
3
4

Karen Luh (SBN 243256)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Tel: (213) 689-0404
Fax: (213) 689-0430
Karen.Luh@jacksonlewis.com

5
6
7

Attorneys for Defendant
INTERNATIONAL COFFEE & TEA, LLC,
dba THE COFFEE BEAN & TEA LEAF

8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 | |

CAROLYN CHAFFIN, JENNIE KIM, LORI SINGER, MICHELLE IRWIN, ROXANNE SIMS, and DAWN MILLER, individually and on behalf of all those similarly situated,

Plaintiffs,

v.

INTERNATIONAL COFFEE & TEA, LLC, dba THE COFFEE BEAN & TEA LEAF

Defendant.

Case No.: 2:24-cv-03132-GHW-SK

**CLASS AND REPRESENTATIVE ACTION**

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

Date:   November 4, 2024
Time:   8:30 a.m.
Court:  9D (9th Floor)
Judge: Hon. George H. Wu

Complaint Filed: April 17, 2024

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **NOTICE OF MOTION**

TO THE HONORABLE COURT, PLAINTIFFS JENNIE KIM, LORI SINGER, MICHELLE IRWIN, ROXANNE SIMS, DAWN MILLER, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on November 4, 2024, at 8:30 a.m., in Courtroom 9D of the above-entitled Court located at 350 West 1st Street, 9th Floor, Los Angeles, CA 90012, and before United States Magistrate Judge George H. Wu, Defendant International Coffee & Tea, LLC dba The Coffee Bean & Tea Leaf ("Defendant" or "The Coffee Bean") will move to dismiss Plaintiffs' Jennie Kim, Lori Singer, Michelle Irwin, Roxanne Sims, Dawn Miller ("Plaintiffs'") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The motion is based on the following grounds: (1) Plaintiffs fail to sufficiently plead that they are disabled within the meaning of the Americans with Disabilities Act; (2) Defendant was never put on notice of the Plaintiffs' condition so there could not have been a failure to provide a modification and, even if they had, public accommodations are not required to provide separate accessible goods or sell them at the same price; and (3) Plaintiff fails to allege sufficient facts to support claims of intentional discrimination under the Unruh Act, and unjust enrichment or restitution.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 20, 2024. Defendant's Motion is based this Notice of Motion; the following Memorandum of Points and Authorities; the arguments presented during hearing on this matter; and any other argument, document, or fact that the Court may properly consider.

By:_/s/ Karen Luh_____
Karen Luh
Attorneys for Defendants
INTERNATIONAL COFFEE & TEA, LLC,
DBA THE COFFEE BEAN & TEA LEAF

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In the present matter, Plaintiffs claim that The Coffee Bean has violated Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12010 (1990) ("ADA" or "Title III") and the Unruh Act, Cal. Civ. Code § 51 et seq., because it imposes charges for non-dairy milks such as almond milk, oat milk, or soy milk ("Non-Dairy Alternatives") and it offers cow's milk ("Dairy Milk") for free, in addition to a claim for unjust enrichment.  Plaintiffs claim that they "will suffer adverse health effects if they ingest milk-containing products, including stomach pain, digestive tract inflammation, bloating, bowel irregularities and vomiting" and that "Defendant violates the ADA because …[it] imposes a surcharge on [persons with lactose intolerance], purportedly to cover the costs of such measures." Compl. ¶¶ 33, 84.  A condition that may cause a stomachache after drinking Dairy Milk is not a disability under the ADA as there is no substantial limitation nor is there a major life activity involved.  For this reason alone, Plaintiffs have not stated a claim upon which relief may be granted.

However, this is not the only reason that Plaintiffs' Complaint should be dismissed.  Plaintiffs utterly fail to articulate whether each or any of them specifically have experienced these symptoms; instead, Plaintiffs limit the allegations in the Complaint to generic "persons with lactose intolerance."  Compl. ¶ 37.  The

Complaint does not identify the substantial impairment suffered by each Plaintiff, nor does it specify the major life activities each Plaintiff's alleged lactose intolerance impacts.  The law requires that Plaintiffs sufficiently allege that they are disabled under the ADA, and these general allegations about potential effects of lactose intolerance on a hypothetical individual do not do so.

The troubles with the Complaint do not end there.  Even assuming that Plaintiffs are disabled, which they are not, they base their claims on the inaccurate assertion that Non-Dairy Alternatives are accessible substitutes for Dairy Milk, as opposed to mere goods.  There are myriad reasons why one would order Non-Dairy Alternatives that have nothing to do with disabilities or lactose intolerance, including taste and diet.  The additional cost for Non-Dairy Alternatives is applied across the board to all who order it; individuals with lactose intolerance are not singled out.  Moreover, it is well-settled that the ADA does not regulate goods.  As such, Plaintiffs have failed to articulate a violation of the ADA by virtue of the fact that Defendant charges more for Non-Dairy Alternatives than for Dairy Milk.

Finally, Plaintiffs' claim for a disgorgement of profits for unjust enrichment or restitution cannot be sustained.  Plaintiffs received the benefit of the bargain, so there was no unjust enrichment.  Restitution is an equitable remedy, which is inappropriate when adequate remedies exist at law, which Plaintiffs have explicitly requested.

As discussed more fully herein, the Complaint should be dismissed in its entirety as these deficiencies preclude the Complaint from stating a claim upon which

relief may be granted.

## II.   <u>FACTUAL BACKGROUND</u>

Plaintiffs Chaffin, Kim, Singer, Irwin, Sims, and Miller reside in California and claim to be lactose intolerant.  Compl. ¶¶ 23, 25-30. Plaintiffs each claim that "as a result of her lactose intolerance, [Plaintiff] is substantially impaired in several major life activities and is required to consume non-dairy milk alternatives." Compl. ¶¶ 25-30. Plaintiffs claim that they "will suffer adverse health effects if they ingest milk or milk-containing products, including stomach pain, digestive tract inflammation, bloating, bowel irregularities and vomiting" if they consume drinks that contain lactose or lactose-based products. Compl. ¶ 33.

Plaintiffs allege they purchased coffee-based drinks, tea-based drinks, or other beverages that contained Non-Dairy Alternatives, such as oat milk or almond milk, at Defendant's retail shops in California, Nevada, Arizona, or Oregon. Compl. ¶¶ 1-2.  Plaintiffs allege that they were charged at least an $0.80 surcharge to substitute a Non-Dairy Alternative for Dairy Milk and acknowledge that all customers who order Non-Dairy Alternatives in their beverages pay the additional surcharge. Compl.  ¶¶ 4, 44.  Plaintiffs assert that whole Dairy Milk has a retail price of $0.03-0.05 per fluid ounce and coconut, oat, and soy milk sell for between $0.06-0.07 per fluid ounce and almond milk sells for $0.04-0.07 per fluid ounce.  Compl. ¶ 45.  Plaintiffs then erroneously allege that "the retail price of Whole Milk (which is provided for free by

Defendant) is the same, if not more, than their Non-Dairy Alternatives."  Compl. ¶ 45.

## III.  <u>LEGAL ARGUMENT</u>

### A. <u>Legal Standard</u>

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of a claim presented in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Where there is a "lack of a cognizable legal theory" or an "absence of sufficient facts alleged under a cognizable legal theory," dismissal under Rule 12(b)(6) is proper.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (emphasis added).  Although "[t]he plausibility standard is not akin to a 'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  Naked assertions, "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

In short, a court must dismiss a complaint if it fails to allege sufficient facts to

establish a plausible, as opposed to merely possible, entitlement to relief. *See Iqbal*, 566 U.S. at 663 (citing *Twombly*, 550 U.S. at 570). If the court finds the complaint fails to state a plausible claim and it is clear that the deficiencies of the complaint could not be cured by amendment, dismissal without leave to amend is appropriate. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### B. **Plaintiffs Are Not Disabled Within the Meaning of the ADA and Do Not Plausibly Allege as Much**

Title III of the Americans with Disabilities Act of 1990 prohibits discrimination by places of public accommodation. 42 U.S.C. §§ 12182-12188 (1990). As a general rule, Title III provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." *Id.* § 12182(a). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities . . ." 42 U.S.C. § 12102(1).

In the disability context, California state law operates similarly to the ADA, as the Unruh Act provides that any violation of the ADA necessarily "shall constitute a violation of [the Unruh Act]." Cal. Civ. Code § 51(f) (2016); *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007). A Title III discrimination claim, and by extension the Unruh Act, is premised on the following elements: (1) the plaintiff is

disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by defendant because of her disability. 42 U.S.C. §§ 12182(a)-(b) (1990).

Thus, in order to state a claim for a violation of Title III of the ADA, a plaintiff must first plead that he or she is disabled within the meaning of the Act.  The Complaint in the present matter is missing this critical element.  Indeed, Plaintiffs utterly fail to identify any major life activities that are substantially limited by any impairment. Instead, they simply state that they suffer from "lactose intolerance"[1] and provide a list of potential symptoms that people *in general* with lactose intolerance *may suffer* if they drink Dairy Milk.  Compl. ¶¶ 32, 36, 37.  At no point do Plaintiffs identify any major life activities in which they are substantially limited. At best, Plaintiffs state that unspecified "persons" who are lactose intolerant suffer digestive upset on the occasions that they ingest milk, implying that consuming lactose is a major life activity and that belly pain and the like is a substantial limitation.  Compl. ¶¶ 33, 37.  Courts in the Ninth Circuit and throughout the country have held that similar allegations fail to state a claim upon which relief may be

---

[1] Paragraph 2 of the Complaint states that "Plaintiffs suffer from lactose intolerance and milk allergies"; however, Paragraphs 25-30 detail the alleged impairments of each Plaintiff, and none of the Plaintiffs claim to suffer from a milk allergy. Compl. ¶¶ 2, 25-30.  Plaintiffs' attorneys have filed numerous, virtually identical complaints in the District Courts in California, and it appears that they did not appropriately edit Paragraph 2.  Because Paragraphs 25-30 are specific (or as specific as the Complaint gets) regarding each Plaintiff, the Court should disregard the apparent mistaken inclusion of "and milk allergies" in Paragraph 2 of the Complaint.

granted.

### 1.  Lactose Intolerance Is Not a Disability Under the ADA

As a threshold matter, lactose intolerance is not a disability under the ADA. Regardless of whether Plaintiffs assert that consuming Dairy Milk is a major life activity (it is not) or whether they claim that they are substantially limited in the major life activity of eating or drinking (they are not), Plaintiffs' condition fails to meet the definition of "disability" under the ADA.  Many courts, including this one, have examined the issue of whether an allergy to a specific food is a disability, and have consistently held that it is not, barring unusual circumstances not identified here. Notably, in the present matter, none of the Plaintiffs suffer from milk allergies; rather, they have a difficult time digesting lactose.  Compl. ¶¶ 25-30, 35.  Their bodies do not produce histamines in response to consuming milk, and they do not suffer any serious consequences such as anaphylaxis.  Compl. ¶¶ 40-42.  That courts have held that more limiting and potentially dangerous conditions are not a disability is dispositive on the issue of whether lactose intolerance is a disability—it is not.

Plaintiffs cannot seriously contend that consuming Dairy Milk or any specific food is a major life activity; to the extent that they do, the Ninth Circuit has definitively answered that question in the negative: "If a person is impaired only from eating chocolate cake, he is not limited in a major life activity *because eating chocolate cake is not a major life activity*."  *Fraser v. Goodale*, 342 F.3d 1032, 1040 (9th Cir. 2003) (emphasis added).  While the *Fraser* court did not specifically address

Dairy Milk, the Ninth Circuit's admonition in this regard applies to this situation. While the ADA Amendments Act of 2008 ("ADAAA"), 42 USCS § 12102, expanded the definition of disability, it did not go so far as to include allergies to specific menu items. To the contrary, the ADAAA defines major life activities to include the following:

> Caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working… functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

*Id.*

Notably absent is any mention of an inability to ingest any specific item. The law and common sense dictate that lactose intolerance, without more, is not a disability for purposes of the ADA as consuming Dairy Milk is not a major life activity. Indeed, many people avoid Dairy Milk because they are vegans or because they simply do not like it; these individuals live full lives without accommodation. Plaintiffs' alleged inability to digest Dairy Milk does not satisfy the first prong of a claim under Title III of the ADA as they are not "disabled."

Plaintiffs also do not meet the definition of disability under the ADA as they are not substantially limited in any major life activity. This Court dismissed a case premised on a plaintiff's peanut allergy, holding that "assuming eating to be a major life activity, minimal limitation on it, like the one at bar, *does not amount to a*

*substantial limitation.*" *Rodriguez v. Putnam,* 2013 U.S. Dist. LEXIS 67090, *15 (C.D. Cal. 2013) (emphasis added) (holding that the plaintiff's peanut allergy, which caused shortness of breath that required that the plaintiff receive oxygen, was not a disability under the ADA). *See also Thompson v. Potter*, 252 Fed. Appx. 175, 176 (9th Cir. 2007) (citing *Coons v. Sec'y of the U.S. Dept. of the Treasury*, 383 F.3d 879, 885 (9th Cir. 2004)) (Holding that the plaintiff failed to raise an issue of material fact that his allergic reaction to wax fumes constitutes a qualified disability, as he "present[ed] no evidence or legal authority to show that his impairments substantially limit any major life activities . . .").

While the *Fraser* court recognized that food allergies, if severe and pervasive enough, may constitute a disability, the factual allegations of the Complaint in the present matter make clear that Plaintiffs do not suffer from a milk allergy—only lactose intolerance—and the only impact to individuals with lactose intolerance is gas, bloating, belly pain, and diarrhea, *i.e.*, short-term digestive upset.  Compl. ¶¶ 25-30, 36.   While uncomfortable or inconvenient, these symptoms are minimally disruptive minor nuisances.  They are not severely adverse reactions that rise to the level of a "substantial limitation" on any major life activity. *Watkins v. Westin,* 2023 U.S. Dist. LEXIS 142005, *11-12 (E.D. Cal. 2023) (citing *Wilmarth v. City of Santa Rosa*, 945 F. Supp. 1271, 1276 (N.D. Cal. 1996) ("Temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities.")).  *See also Alphonsis v. Century Reg'l Det. Facility*, 2017

U.S. Dist. LEXIS 228013, *33 (C.D. Cal. 2017) (Plaintiff describes two allergic reactions: when she "collapsed" at dinner in 2015 after eating dairy products, and then again sometime later when creamer "tore through" her skin. She thus appears to allege a dairy allergy. The limitations considered in *Fraser* were far more severe than what Plaintiff has alleged here. She has not adequately explained how her major life activity of eating is sufficiently impacted to constitute a disability under the ADA. She only describes two instances where she has suffered an allergic reaction while in jail, neither of which appear to have particularly severe (e.g., she does not allege that she was hospitalized)).

Thus, even if consuming Dairy Milk is a major life activity (which it is not), lactose intolerance does not substantially limit doing so.  Plaintiffs have not identified either a major life activity nor have they described a substantial limitation of any activity sufficient to meet the definition of "disability."  As such, Plaintiffs have failed to state a claim under the ADA and dismissal of Plaintiffs' Complaint is warranted.

### 2. Plaintiffs Do Not Provide Specifics Regarding the Alleged Impact of Lactose Intolerance on Each of Them, Thereby Precluding an Individualized Assessment

Further, the "determination of whether an impairment substantially limits a major life activity requires an individualized assessment". 28 C.F.R. § 36.105(d)(1) (vi).  Thus, the question of whether a particular food intolerance renders a person disabled under the ADA Title III of the ADA requires individualized analysis, even

if the analysis need not be extensive. *Garland v. Dunkin Donuts LLC*, 2024 U.S. Dist. LEXIS 97367, *20-21 (N.D. Cal. 2024). In the present matter, Plaintiffs have failed to articulate whether each or any of them specifically have experienced these symptoms; instead, Plaintiffs limit the allegations in the Complaint to generic "persons with lactose intolerance." Compl. ¶ 37. The Complaint does not identify the substantial impairment suffered by each Plaintiff, nor does it specify the major life activities each Plaintiff's alleged lactose intolerance impacts. Indeed, Plaintiffs simply catalogue the types of symptoms lactose intolerance may cause without even alleging that any Plaintiffs have ever suffered any of them. Compl. ¶ 36 ("When lactose moves through the large intestine without being properly digested, it can cause gas, bloating, belly pain and diarrhea"; Compl. ¶ 37 ("Persons with lactose intolerance and milk allergies experience various levels of reactions to the ingestion of milk and milk-containing products, including a bloated stomach, intestinal gas, nausea and vomiting, stomach pain and cramping, and diarrhea."). The law requires that Plaintiffs sufficiently allege that they are disabled under the ADA, and these general allegations about potential effects of lactose intolerance on a hypothetical individual do not do so. *Garland*, 2024 U.S. Dist. LEXIS 97367 at *20-21. Plaintiffs' failure in this regard is fatal to their claims.

In *Garland*, the Northern District of California dismissed a complaint that is virtually identical to that in the instant action for failing to provide individualized assessments to plausibly show its plaintiffs were disabled as defined in the ADA and Unruh Act, among other reasons.  *Id.* at *20-23.  Importantly, the complaint in *Garland* was far more detailed than that of the present matter, and it also included a plaintiff who claimed to have a milk allergy—not simply lactose intolerance.  *Id.* at *19-20.  That this more detailed complaint was deemed insufficient to state a claim under Title III of the ADA necessitates a finding that the Complaint in the present matter is similarly lacking and should be dismissed.

Specifically, in *Garland*, the Court held that the exact same allegations that are present in the instant matter in paragraphs 25-30 of the Complaint ("As a result of her lactose intolerance, [Plaintiff] is substantially impaired in several major life activities and is required to consume non-dairy milk alternatives"), and in paragraph 36 of the Complaint ("When lactose moves through the large intestine without being properly digested, it can cause gas, bloating, belly pain and diarrhea") were nothing more than "generic, conclusory descriptor[s]" that "are conclusory and therefore ***do not rise to the level of plausibly alleging that any of the plaintiffs are disabled within the meaning of the ADA***."  *Id.* at *20 (emphasis added).

Furthermore, in *Garland*, as in the present case, "the complaint does not explain how any of the plaintiffs themselves are impacted by their lactose intolerance;" as such, the court held that the *Garland* plaintiffs "have failed to plausibly allege that they are disabled within the meaning of the ADA" and granted the defendant's motion to dismiss.  *Id.* at *21-22.  Given the similarities in the complaint in *Garland* and that of the present matter, Defendant asserts that the outcome should be similar as well—dismissal of Plaintiffs' claims.

Numerous courts have issued similar holdings where complaints are impermissibly vague as to the impact that a particular alleged impairment has on each plaintiff. *See, e.g., Watkins,* 2023 U.S. Dist. LEXIS 142005 at *11-12  ("Watkins never details how frequently he suffered from allergies or how severe they are. 'Factual allegations of this sort are necessary to indicate that the condition limited a major life activity'. Without allegation of such factual details, the court is unable to determine whether plaintiff's alleged condition makes achievement of a major life activity difficult and thus constitute a protected condition") (internal citation omitted); *Phillips v. P.F. Chang's China Bistro, Inc.,* 2015 U.S. Dist. LEXIS 103481, *11 (Phillips I)) (N.D. Cal. 2015) (granting the defendant's motion to dismiss the complaint because the plaintiff's bare allegations that she "must eat a diet of foods not containing gluten and that has not been exposed to gluten," is "lacking facts that show that plaintiff's major life activity of eating is sufficiently impacted to constitute a disability under [the ADA or Unruh Act]"). Defendant contends that this Court

should likewise dismiss Plaintiffs' Complaint for failure to state a claim upon which relief may be granted.

### C. **Defendant Did Not Deny Plaintiffs Public Accommodation**

In addition to pleading that he or she is disabled, a plaintiff in a Title III action must show that he or she was denied public accommodations by defendant because of her disability. 42 U.S.C. §§ 12182(a)-(b) (1990).  Plaintiffs fail to adequately allege any such denial.  Plaintiffs claim that "Defendant violates the ADA because…it fails to make modifications to person with lactose intolerance and milk allergies but instead imposes a surcharge on this group of persons, purportedly to cover the costs of such measures, even though there is no material difference between the cost of regular milk and Non-Dairy Alternatives."  Compl. ¶ 84.  In making this statement, Plaintiffs imply that Defendant only imposes the fee for Non-Dairy Alternatives on individuals with lactose intolerance and that Defendant must offer Plaintiffs Non-Dairy Alternatives for free and that failure to do so violates the ADA. Plaintiffs' theory of liability is based on the misguided premise that Non-Dairy Alternatives are merely accessible substitutes for Dairy Milk.  This is an incorrect statement of the facts and the law.

As a threshold matter, Defendant imposes a fee for Non-Dairy Alternatives on all customers, not just individuals who are lactose intolerant.  Compl. ¶ 44.  This is because Non-Dairy Alternatives are goods that anyone may enjoy; they are not accessible goods such as Braille books.  Indeed, it is well-settled that Non-Dairy

Alternatives and Dairy Milk are different products with different taste and nutritional profiles. *See Painter v. Blue Diamond Growers*, 757 F. App'x 517, 519 (9th Cir. 2018) (almond milk and dairy milk are "two distinct food products"); *Gitson v. Trader Joe's Co.*, No. 13-CV-01333-VC, 2015 U.S. Dist. LEXIS 170401, at *4 (N.D.Cal. 2015) (soy milk and dairy milk were "two distinct products"). Individuals without disabilities enjoy Non-Dairy Alternatives for a variety of reasons, including taste and diet. Thus, Non-Dairy Alternatives are not "accessible or special goods", nor are they "measures, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are required to provide [any] individual or group [with a disability] with the nondiscriminatory treatment required by the [ADA]." Compl. ¶¶ 76, 77. Rather, they are simply goods. As it is well settled that "the ADA does not regulate the content and characteristics of goods," Defendant may price its goods in any manner that it likes without running afoul of the ADA. *Jancik v. Redbox Automated Retail, LLC,* 2014 U.S. Dist. LEXIS 67223, *9 (9th Cir. 2014) (holding that "Title III does not apply to the goods in a retailer's inventory"). As such, Plaintiffs' contention that Defendant imposes a "surcharge" on Non-Dairy Alternatives is not an accurate statement, nor is it a violation of the law. Therefore, the Complaint, which is based on this premise, fails to state a claim upon which relief may be granted.

Moreover, because the fee is charged to all individuals regardless of disability status, the fee is not an impermissible "surcharge" that is prohibited by the ADA.

"Surcharge" has a specific definition both under the ADA and under Ninth Circuit authority. The Ninth Circuit employs a two-part test in *Dare v. California* to evaluate whether a cost constitutes an unlawful surcharge. 191 F.3d 1167, 1171 (9th Cir. 1999). While *Dare* involved a Title II claim, the definition of a surcharge is the same for Title II and Title III of the ADA. Title II and Title III explain that a public entity or public accommodation, respectively, may not impose a surcharge:

> on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids, barrier removal, alternatives to barrier removal, and reasonable modifications in policies, practices, or procedures, that are ***required*** to provide that individual or group with the nondiscriminatory treatment required by the Act or this part.

28 C.F.R. § 35.130(f); 28 C.F.R. § 36.310(c) (emphasis added). *Dare* sets forth the two-part test for evaluating whether a surcharge is unlawful as follows:

> In order to evaluate whether a fee constitutes a surcharge that violates Title II of the ADA, we conduct a two-part inquiry. First, as a threshold matter, we consider whether the measure for which California levies the fee is "required to provide that individual or group nondiscriminatory treatment" as mandated by the ADA. 28 C.F.R. § 35.130(f). If California charges for a measure not required under the ADA, the inquiry ends; 28 C.F.R. § 35.130(f) only forbids surcharges for "required" measures.
>
> Second, we evaluate whether the fee for the measure is a surcharge; in other words, we consider whether it constitutes a charge that nondisabled people would not incur. If nondisabled people pay the same fee for an equivalent service, the charge to disabled people would not constitute a surcharge on a "required" measure.

191 F.3d 1167, 1171 (9th Cir. 1999).

Plaintiffs' argument fails on both prongs of the test. Regarding the first prong,

providing Non-Dairy Alternatives is not required by the ADA to provide non-discriminatory treatment. Indeed, the addition of any milk at all is not even necessary to enjoy products offered by Defendant. Any person, whether he or she is lactose intolerant or not, who does not want to pay the additional price for a coffee drink with Non-Dairy Alternatives can simply enjoy a beverage that does not include Dairy Milk or Non-Dairy Alternatives.

Regarding the second prong, Plaintiffs have admitted that the upcharge for Non-Dairy Alternatives applies to *all* customers. Compl. ¶ 44. The Title III Technical Assistance Manual also makes clear that a surcharge is only unacceptable if it is charged "only" to people with disabilities. *ADA Title III Tech. Assist. Man. III-4.0000* ("Although compliance may result in some additional cost, a public accommodation may not place a surcharge only on particular individuals with disabilities or groups of individuals with disabilities to cover these expenses"). That Defendant treats all of its customers equally in this regard precludes Plaintiffs from stating a claim of discrimination under Title III of the ADA.

### D. **Plaintiff's Claim Of Intentional Discrimination Fails**

Plaintiffs' Unruh Act claim also fails as a matter of law because all customers ordering a Non-Dairy Alternative in their coffee incur an upcharge, not only persons with lactose intolerance. Compl. ¶ 44. The Unruh Act "does not extend to practices and policies that apply equally to all persons." *Turner v. Ass'n of Am. Med. Coll.*, 85 Cal. Rptr. 3d 94, 100 (Cal. Ct. App. 2008) (citing Cal. Civ. Code § 51(c)). For this

reason alone, Plaintiffs' Unruh Act claim fails.

Plaintiffs' claim of alleged intentional discrimination under the Unruh Act also fails as it is based upon Plaintiffs misstatement that "Defendant is making a choice to impose the Surcharge for necessary beverage modifications for one class of persons with a specific disability, lactose intolerance, while at the same time not imposing any extra charge for those persons with another medical condition." Compl. ¶ 95.   Nothing in the Unruh Act or the ADA provides that a failure to accommodate different disabilities in the same manner, and for the same price, states a claim of intentional discrimination.   Moreover, as Plaintiffs have already admitted, individuals with any medical condition or none at all are all required to pay more for Non-Dairy Alternatives.   There is simply no valid allegation that Defendant's pricing of Non-Dairy Alternatives is designed to discriminate against individuals who cannot tolerate lactose.   As such, this claim fails.

### E. **Plaintiffs Fail To State A Claim Of Unjust Enrichment Or Restitution**

In Count III, Plaintiffs attempt to plead an "Unjust Enrichment/Restitution" claim under common law but do not identify the source of the legal claim, or which state's common law would apply for their proposed national class.   Compl. ¶¶ 114-120.   Failure to specify the law(s) on which an unjust enrichment claim is predicated is grounds for dismissal under Rule 12(b)(6).   *See Gram v. Intelligender*, *LLC*, 2010 U.S. Dist. LEXIS 153099, at *10-12 (C.D. Cal. 2010) (dismissing unjust enrichment claim in putative nationwide class action for failure to identify which state's common

law applied).  As the Court noted in *Gram*, "[n]ot only does such a pleading practice deny defendants notice of the claim brought against them, but it also makes it impossible for the Court to assess whether the claim has been adequately pled."  *Id.* at 11 (internal citations omitted).  Indeed, courts in the Ninth Circuit routinely "reject[] attempts to plead nationwide unjust enrichment claims without specification of the state law involved."  *Id.* (citing cases).

Plaintiffs' sole basis of their unjust enrichment/restitution claim is the alleged illegality (presumably under the ADA and its state counterparts) of the upcharge. Compl. ¶ 115.  The legality of the fees charged is irrelevant for purposes of stating a common law unjust enrichment claim.  Rather, the focus must be on whether Plaintiffs received the benefit of the bargain they thought they had made—and if they did, no recovery is available.  *See Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1591-1593 (2008) (dismissing unjust enrichment claim requesting return of insurance premiums due to defendant's unlicensed status because "plaintiffs received the benefit of the bargain[,]" namely, "the bargained for insurance at the bargained for price").

Here, Plaintiffs do not allege that they did not receive the Non-Dairy Alternatives that they paid for.  To the contrary, Plaintiffs expressly allege that the upcharges Plaintiffs paid to The Coffee Bean were "in exchange for providing" them with "Non-Dairy Alternatives such as lactose-free milk."  Compl. ¶ 115. Accordingly, nothing in the Complaint indicates that Plaintiffs were denied the

benefit of their bargain.  As such, Plaintiffs' unjust enrichment claim fails to state a claim upon which relief may be granted.

Plaintiffs also fail to adequately describe a scenario in which the equitable remedy of restitution is available.  The Ninth Circuit has held that federal courts may not consider claims seeking equitable remedies where there exists an adequate remedy at law.  *Guzman v. Polaris Indus.*, 49 F.4th 1308, 1313-14 (9th Cir. 2022).  In the present matter, Plaintiffs have not alleged they have no adequate remedy at law and in fact, have sought statutory, compensatory, and treble damages and attorneys' fees under the Unruh Act.  Compl. ¶¶ 112-113.  That Plaintiffs' Unruh Act claim also cannot succeed is not a barrier to this Court's dismissal of this claim for lack of equitable jurisdiction.  *See Guzman,* 49 F.4th at 1313 (holding the district court lacked equitable jurisdiction over a state-law claim seeking restitution because plaintiff "had an adequate remedy at law in his time-barred [state-law] claim").

Second, just like unjust enrichment, restitution claims must show the Plaintiff did not receive the benefit of the bargain.  Even if the Court were to consider a restitution claim, the Ninth Circuit has long held that, "[t]here is no equitable reason for invoking restitution when the plaintiff gets the exchange which he expected." *Dang v. Samsung Elecs. Co.*, 803 Fed. Appx. 137, 139 (9th Cir. 2020) (quoting *Comet Theatre Enters. v. Cartwright*, 195 F.2d 80, 83 (9th Cir. 1952), which interpreted California law.).  Here, Plaintiffs' allegations demonstrate they got exactly the exchange they expected.  They do not plead that they did not know about the

upcharge when they ordered, that they were charged more than they expected, or that they did not receive the drink they ordered.  Thus, Plaintiffs' own allegations demonstrate that they got "the exchange [they expected]," and that "[t]here is no equitable reason for invoking restitution."  *See Peterson*, 164 Cal. App. 4th at 1593.

## IV. <u>CONCLUSION</u>

For the reasons set forth herein, Defendant asserts that Plaintiffs' Complaint fails to state a claim upon which relief may be granted and respectfully requests the Court grant its motion and dismiss Plaintiffs' Complaint in its entirety.


Dated:  August 16, 2024                    JACKSON LEWIS P.C.


                                           By: */s/ Karen Luh*_____
                                           Karen Luh
                                           Attorneys for Defendants
                                           INTERNATIONAL COFFEE & TEA, LLC,
                                           DBA THE COFFEE BEAN & TEA LEAF

1

## **PROOF OF SERVICE**

2

**Carolyn Chaffin, et al. v. International Coffee and Tea LLC**
**2:24-cv-03132-GHW-SK**

3

4

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 725 South Figueroa Street, Suite 2500, Los Angeles, California 90017.

5

6

On August 16, 2024, I served the foregoing document described as:

7

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6);**

8

**[PROPOSED] ORDER GRANTING DEFENDANT INTERNATIONAL COFFEE & TEA, LLC, dba THE COFFEE BEAN & TEA LEAF MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

9

10

in this action by having a true copy sent addressed as follows:

11

**SEE ATTACHED SERVICE LIST**

12

**[X]    BY E-MAIL and ELECTRONIC TRANSMISSION**

13

Based on a Court order or on an agreement by the parties to accept service by e-mail or electronic transmission or Notice of Electronic Filing generated by CM/ECF at the time said document was filed, and which constitutes service pursuant to FRCP 5(b)(2)(D), I caused the document(s) described above to be sent from e-mail address Pamela.Trujillo@jacksonlewis.com to the persons at the e-mail address listed above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

14

15

16

17

18

**[X]    FEDERAL** I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

19

20

21

Executed on August 16, 2024 at Los Angeles, California.

22

s

23

PAMELA TRUJILLO
Pamela Trujillo

24

25

26

1                    Case No.: 2:24-cv-03132-GHW-SK

27

28

**SERVICE LIST**

Keith L. Gibson, Esq.                    Attorneys for Plaintiffs
William Aron
Bogdan Enica
490 Pennsylvania Avenue, Suite 1         Email addresses
Glen Ellyn, IL 60137                     keith@keithgibsonlaw.com
(630) 677-6745                           bill@aronlawfirm.com
                                         bogdan@keithgibsonlaw.com

4872-6466-7606, v. 1

Case No.: 2:24-cv-03132-GHW-SK